UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
**FEDERAL HOME LOAN MORTGAGE** )
**CORPORATION,**                      )
                                      )
       **Plaintiff,**          )
                                      )
    v.                              )    Misc. Action No. 15-mc-568 (RMC)
                                      )
**DELOITTE & TOUCHE LLP,**            )
                                      )
       **Defendant-Petitioner,**  )
                                      )
    v.                              )
                                      )
**FEDERAL HOUSING FINANCE**           )
**AGENCY**                            )
                                      )
       **Respondent.**         )
_____ )

## MEMORANDUM OPINION

      Before the Court is Deloitte & Touche LLP's (Deloitte) Motion to Transfer its Motion to Compel Document Production by Respondent Federal Housing Finance Agency (FHFA) to the United States District Court for the Southern District of Florida, where the underlying action, in which Deloitte is the defendant, is pending. For the reasons below, the Court will grant Deloitte's Motion to Transfer and will transfer its Motion to Compel to the Southern District of Florida where the underlying action is pending. *See Federal Home Loan Mortgage Corporation v. Deloitte & Touche LLP*, No: 1:14-cv-23713-UU (S.D. Fla) (the Underlying Action).

### I.  FACTS

      In the Underlying Action, Plaintiff Federal Home Loan Mortgage Corporation (Freddie Mac) seeks $1.3 billion in damages from Deloitte for alleged negligent

1

misrepresentations in Deloitte's audit opinions on the consolidated financial statements of Taylor, Bean & Whitaker Mortgage Corp., a Freddie Mac business partner, for fiscal years 2002 through 2008.  *See* Mot. to Compel [Dkt. 1] at 1.  FHFA has been Freddie Mac's conservator since September 2008.  Prior to that time, the Office of Federal Housing Enterprise Oversight, FHFA's predecessor, was Freddie Mac's regulator.  Deloitte identified FHFA, which is not a named party, as a potential "*Fabre* defendant" based on FHFA's alleged failure to pursue a tip about the fraud that purportedly caused Freddie Mac's claimed loss.  *See id*. at 2.  Under the *Fabre* doctrine, Deloitte's liability would be reduced in proportion to FHFA's responsibility for Freddie Mac's losses.[1]  *See id*.

        Deloitte has sought discovery from FHFA and now seeks to enforce a third-party subpoena *duces tecum* that it served on FHFA in the District of Columbia for the production of documents.  *See* Mot. to Compel.  Deloitte moves to transfer the Motion to Compel to the Southern District of Florida where the Underlying Action is pending, and FHFA opposes.  *See* Mot. to Transfer [Dkt. 2]; Opp'n [Dkt. 4] ; Reply [Dkt. 6].

## II.  LEGAL STANDARD

        Federal Rule of Civil Procedure 45(f) authorizes the transfer of subpoena-related motions from the court where production is required to the court where the underlying action is pending if the "person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  The Advisory Committee Note provides guidance on the application of the rule:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern

---

[1] The Florida Supreme Court established the doctrine in *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993).

> should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments).

### III.  ANALYSIS

FHFA opposes transfer of Deloitte's Motion to Compel to the Southern District of Florida.  Consequently, the Court may only transfer the motion upon a finding of exceptional circumstances.  The Court finds that Deloitte has met its burden of showing that such circumstances are present here.

Deloitte argues that resolution of its Motion to Compel implicates substantive issues in the highly complex Underlying Action.  *See* Mot. to Transfer at 3.  Deloitte states that FHFA has withheld documents critical to Deloitte's defenses in the Underlying Action by invoking qualified executive privileges.  *See* Reply at 3.  Deloitte argues that good cause supports setting aside FHFA's privileges in this case, a determination that requires ad hoc balancing of multiple factors, including the "seriousness of the litigation and the issues involved," and the government's "role" in the litigation.  *Id*. (citing *First E. Corp. v. Mainwaring*, 21 F.3d 465, 468 n.5 (D.C. Cir. 1994)).  In opposition, FHFA maintains that Judge Ungaro has little familiarity with the substantive issues in the case because Judge Ungaro has not ruled on any substantive motions and has referred discovery issues to a magistrate judge.  *Id*. at 4-5.  FHFA also contends that nearly all motions to compel would be subject to transfer if the rule were so broad as to encompass any motion where another court has to make a relevancy

3

determination.  *See* Opp'n at 4.  According to FHFA, this would "turn the exception into the rule."  *Id*.

FHFA's generalized concern that the exception would become the rule is inapplicable here.  FHFA does not dispute Deloitte's argument that resolution of the Motion to Compel requires delving into substantive issues in the highly complex Underlying Action.  Indeed, whether "good cause" justifies overruling FHFA's invocation of qualified executive privileges requires nuanced legal analysis based on a full understanding of the Underlying Action.  It is not a mere relevancy determination.  Although FHFA questions Judge Ungaro's familiarity with the Underlying Action, the magistrate judge has already resolved various discovery disputes.  *See* Reply at 3.  The Court finds that the Southern District of Florida is better situated to deal with the full scope of issues raised in the Motion to Compel, "as well as any implications the resolution of the motion will have on the underlying litigation."  *Wutz v. Bank of China*, 304 F.R.D. 38, 46 (D.D.C. 2014).

Deloitte further argues that transfer would avoid interference with the time-sensitive discovery schedule set by the Florida Court in which all discovery is scheduled to close by September 4, 2015.  *See* Mot. to Transfer at 6.  For support, Deloitte cites the Advisory Committee Note, which states that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments).  FHFA responds that Deloitte fails to take into account the Florida District Court's limited prior involvement in similar discovery issues.  FHFA argues that transfer is not warranted because the Florida District Court has not ruled on the applicability of executive privileges and that the issues presented in

4

the Motion to Compel are unlikely to arise in discovery in many districts. *See* Opp'n at 5. FHFA reads the Advisory Committee Note too narrowly: it interprets the Note's example—"as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts"—as the only circumstance in which transfer is justified to avoid disrupting management of the underlying case. Nothing in the Advisory Committee Note, or subsequent case law, precludes this Court from relying on other aspects of case management, such as impending discovery deadlines and case-specific issues, to transfer a subpoena-related motion. In light of the short discovery window and the complexity of the issues raised by the Motion to Compel, the Court finds that transfer is appropriate to avoid disrupting the Southern District of Florida's management of the Underlying Action.[2]

The Advisory Committee Note to Rule 45 in the 2013 amendments emphasized that the main focus in determining the propriety of transfer should be the burden on local nonparties. Deloitte presented several reasons why transfer would impose only a *de minimis* burden on FHFA—none of which is disputed by FHFA: (1) FHFA, as Freddie Mac's conservator, is an active participant in the Underlying Action as Freddie Mac's conservator; (2) FHFA is a federal agency with nationwide jurisdiction; and (3) FHFA has filed multiple actions on Freddie Mac's behalf in the Southern District of Florida, the venue to which Deloitte seeks transfer. *See* Mot. to Transfer at 8-9. As these facts suggest, FHFA is not the kind of "local" party about which the Advisory Committee was likely concerned. *See In re Subpoena to Kia Motors Am., Inc.*, SACV 14-315 JLS RNBX, 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6,

---

[2] Deloitte also argues that transfer is appropriate to avoid the risk of future inconsistent rulings. *See* Mot. to Transfer at 7-8; Reply 4-5.

2014) (granting a motion to transfer because it would not significantly burden Kia Motors, which is a national corporation and not an individual resident of the local jurisdiction).

FHFA identifies a specific burden: it would "lose the benefit of this District's experience with challenges to the executive privileges." Opp'n at 7. To emphasize the familiarity of this District compared to the Southern District of Florida, FHFA notes that only nine opinions in the Southern District of Florida contain the term "deliberative process privilege," whereas there have been 597 such opinions issued here. *Id*. at 7. FHFA overstates the import of the volume of opinions. The D.C. Circuit has recognized that "'[a]lthough there are many cases in this Circuit which discuss the deliberative process privilege, these cases 'are of limited help . . . because the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process.'" *Citizens For Responsibility & Ethics in Wash. v. Nat'l Archives & Records Admin.*, 583 F. Supp. 2d 146, 157 (D.D.C. 2008) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980)). This District has decided more cases involving executive privilege than the Southern District of Florida, but the Court has every confidence that the Southern District of Florida can handle Deloitte's Motion to Compel.

The Court finds that transferring the Motion to Compel will impose a minimal burden on FHFA—if any—which is far outweighed by the exceptional circumstances present here. Due to the highly complex nature of the Underlying Case, consolidated case management by the Southern District of Florida is warranted.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that "exceptional circumstances" exist so that the United States District Court for the Southern District of Florida, where the Underlying Action is pending, should resolve Deloitte's Motion to Compel. The Court will grant Deloitte's

6

Motion to Transfer and will transfer its Motion to Compel to the Southern District of Florida. The parties' Consent Motion for a Briefing Schedule, Dkt. 5, will be denied as moot. A memorializing Order accompanies this Opinion.

Date: May 28, 2015

                                                                                                 /s/
                                             ROSEMARY M. COLLYER
                                             United States District Judge